# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**BEVERLY ANITA ECHOLES**                                                    **PLAINTIFF**

vs.                                                    Civil Action No.:1:19-cv-433-KS-RHW

**BRIAN TSANG, OWNER OF**
**PAINSTOP SPINE CLINIC**                                                    **DEFENDANT**

## ORDER

This cause is before the Court on Defendant's Motion to Dismiss [7]. Plaintiff filed a response [10], and Defendant filed a reply [11]. Having reviewed the parties submissions, the Complaint filed in this matter, and the relevant legal authorities, the Court finds the motion is well taken and will be granted solely on the grounds of insufficient service of process.

**I.     BACKGROUND**

Plaintiff filed a *pro se* "Complaint for Employment Discrimination" on August 6, 2019, naming Brian Tsang, "Owner of PainStop Spine Clinic," as the sole defendant. [1]. The Complaint asserts that the basis for jurisdiction is the Americans with Disabilities Act ("ADA") and complains of the following discriminatory acts: failure to accommodate disability; unequal terms and conditions of employment; retaliation; and Equal Pay.

On August 26, 2019, a summons was issued for Brian Tsang. [4]. The summons lists Brian Tsang's address at 180 Debuys Road, Biloxi, MS 39531. A Proof of Service was filed on September 4, 2019. [5]. The Proof of Service indicates that the U.S. Marshal served an individual named Shanuel Simmons on August 30, 2019 at 180 Debuys Road. *Id.* In the remarks section, it states "Left with Billing Assistant, Shanuel Simmons." *Id.*

Defendant Tsang has now filed a Motion to Dismiss, asserting several grounds: insufficient process; insufficient service of process; failure to state a claim; and failure to join a party, pursuant to

Federal Rule of Civil Procedure 12(b)(4), (5), (6), and (7). However, whether or not service of process was valid is the proper initial inquiry at this stage for dismissal.

**II.     DISCUSSION**

In support of his Motion to Dismiss, Defendant Tsang has attached the Complaint, Summons, Proof of Service, the Affidavit of Shanuel Simmons; the affidavit of Brian Tsang; and Plaintiff's EEOC Charge of Discrimination.[1] In addition to these documents, Plaintiff submitted her own affidavit [10-1][2] and other documents that appear to go to the merits of her case.[3] Again, the Court finds that prudence dictates that only the most pressing grounds be addressed in this motion. Because the Court finds, for the reasons below, that dismissal is warranted on the preliminary ground of insufficient service of process, the Court is without personal jurisdiction over Defendant Tsang to address his other arguments. *See Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987) ("Before a . . . court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied.").

**A.     Legal Standard**

"A motion to dismiss pursuant to Rule 12(b)(5) turns on the legal sufficiency of the service of process." *Holly v. Metro. Transit Auth.*, 213 Fed. Appx. 343, 344 (5th Cir. 2007). "In the absence of valid service of process, proceedings against a party are void." *Aetna Bus. Credit, Inc. v. Universal Decor & Interior Design*, 635 F.2d 434, 435 (5th Cir. 1981). When an objection is made, the burden of demonstrating the validity of service lies with the party making service. *Carimi v. Royal Caribbean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992); *System Sign Supplies v. U.S. Dept. of Justice*,

---

[1] It appears that Plaintiff originally brought claims of race discrimination and retaliation based on a disability. However, the Complaint raises only an ADA claim.
[2] Plaintiff's affidavit also contains her memorandum of law, which has been considered by the Court. [10-1] at pp. 3-12.
[3] Plaintiff submitted a document from the Mississippi Secretary of State relating to PainStop Clinic, LLC; a document she labeled as Collaborative Agreement; a document she titled Retaliation; and a document she titled Proof of Disability. [10-5, 7, 8, 10].

903 F.2d 1011, 1013 (5th Cir. 1990). The fact that the plaintiff is pro se does not excuse the failure to properly effect service of process. *System Signs Supplies*, 903 F.2d at 1013.

**B.     Applicable Law**

Plaintiff has sued Defendant Tsang as an individual. Service on an individual is not completed in the proper manner if not made in compliance with the requirements of Federal Rule of Civil Procedure 4, which provides as follows:

> Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:
>
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; **or**
>
> (2) doing any of the following:
>
> (A) delivering a copy of the summons and of the complaint to the individual personally;
>
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e) (emphasis added). Thus, one can either comply with state law or serve it in one of the three ways listed. In Mississippi, the rule for service on an individual varies little from the federal rule. Mississippi's rule states that one can properly serve an individual in the following ways:

> (A) by delivering a copy of the summons and of the complaint to him personally or to an agent authorized by appointment or by law to receive service of process; or
>
> (B) if service under subparagraph (1)(A) of this subdivision cannot be made with reasonable diligence, by leaving a copy of the summons and complaint at the defendant's usual place of abode with the defendant's spouse or some other person of the defendant's family above the age of sixteen years who is willing to receive service, and by thereafter mailing a copy of the summons and complaint (by first class mail, postage prepaid) to the person to be served at the place where a copy of

3

the summons and of the complaint were left. Service of a summons in this manner
is deemed complete on the 10th day after such mailing.

Miss. R. Civ. P. 4(d).

**C.     Analysis**

There is nothing in the record to indicate that Defendant Tsang was served via personal, domiciliary service, or an authorized agent in accordance with either the state or the federal rule. According to Plaintiff's Complaint, her place of employment was PainStop Spine Clinic, 180 Debuys Road, Biloxi, MS 39531. [1] at p. 3. This is the same address listed on the summons. [4]. According to the returned summons [5], the U.S. Marshal personally delivered copies of the summons and complaint to Shanuel Simmons at that address, which is the office of PainStop Clinic, in an effort to serve process on Defendant Tsang. Consequently, the summons and complaint were not served upon Defendant Tsang *personally* or by leaving a copy with someone at his *usual place of abode*. Thus, under either the federal or the state Rule, the only question that remains is whether Shanuel Simmons was an "agent authorized by appointment or by law to receive service of process" for Defendant Tsang. Defendant Tsang submitted an affidavit from Simmons as well as his own affidavit, in which both men aver that Shanuel Simmons' duties did not include accepting legal documents on behalf of Dr. Tsang and that Simmons was not otherwise authorized to accept legal documents on Dr. Tsang's behalf. [7-4] at ¶¶ 2, 3; [7-5] at ¶¶ 6, 7.

Plaintiff has failed to carry her burden to show that service was proper. In fact, she concedes that the "Summons and Complaint were personally served upon an employee of PainStop Spine Clinic, LLC on August 30, 2019." [10-1] at p. 5. She also claims that "papers can be served at a person [sic] workplace during normal business hours with the person in charge." *Id*. However, she provides no legal authority for such statement, and it is clear that such service does *not* comply with either the state

4

or federal rules for service on an individual. She then admits the summons was delivered to the defendant's business address "because the Plaintiff did not know his home address." [10-1] at p. 5.

As for service on an "agent," Plaintiff relies on the wording of the return of service form, which states "I served the summons on Shanuel Simmons, who is designated by law to accept service of process on behalf of PainStop Clinic, LLC." *See* [5]. However, a preprinted form would not overcome the personal knowledge of Mr. Simmons and Defendant Tsang; and moreover, even if Simmons were an authorized agent for PainStop Clinic, PainStop Clinic is not the defendant here, and proper corporate service is irrelevant. Plaintiff has no evidence to call into question, much less overcome, the affidavits of Shanuel Simmons and Defendant Tsang who both swear that Mr. Simmons was not authorized to accept service on behalf of Defendant Tsang individually. For all of these reasons, the Court finds as a matter of law that Plaintiff has failed to make proper service of process in this case, and her claims must be dismissed.

In closing, the Court wishes to note that in Plaintiff's Complaint, she alleges she was hired by PainStop Spine Clinic as a nurse practitioner. [1-1] at p. 7. Also, the documents submitted by the parties reveal that Plaintiff filed her charge of discrimination against PainStop Spine Clinic [7-6], and the Letter of Determination and Notice of Right to Sue refer to PainStop Spine Clinic as the Respondent [1-1; 1-2]. Thus, it is unclear why Plaintiff has chosen to sue Brian Tsang rather than PainStop Spine Clinic, LLC. Thus, this *pro se* Plaintiff would be well advised to carefully review and consider the other grounds for dismissal raised by Defendant Tsang, and perhaps seek advice of counsel, should she seek to proceed with this action against Brian Tsang individually and attempt to have him properly served. That having been said, in this Order, the Court reaches only the legal conclusion that service of process was invalid.

### III.  CONCLUSION

Based on the foregoing, it is hereby ORDERED that the Motion to Dismiss is granted on the grounds of insufficient service of process. Plaintiff's claims against Brian Tsang are DISMISSED without prejudice.  This case is closed.

SO ORDERED and ADJUDGED this 4th day of February 2020.

/s/ Keith Starrett_____
KEITH STARRETT
U.S. DISTRICT COURT JUDGE